# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America<br><br>v.<br><br>Clayton Joseph Rink | Case No.: **25-02095MJ**<br><br>**CRIMINAL COMPLAINT**<br>**(Electronically Submitted)** |

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

### COUNT 1 (Knowingly Transporting Child Pornography)

On or about August 10, 2025, in the District of Arizona and elsewhere, Defendant Clayton Joseph Rink did knowingly transport a visual depiction that involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct. The visual depiction was transported using any means and facility of interstate commerce, in violation of 18 U.S.C. §2252(a)(1), (b)(1), and 2256, and can be described as the following file that includes the characters "a52d294…."

### COUNT 2 (Knowingly Possessing Child Pornography)

On or about November 12, 2025, in the District of Arizona and elsewhere, Defendant Clayton Joseph Rink did knowingly possess and access with intent to view a visual depiction that involved a visual depiction that involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct. The visual depiction was transported using any means and facility of interstate commerce, and was produced using a means and facility of interstate commerce. The offense involved the use of a minor under the age 12, and was in violation of 18 U.S.C. §2252(a)(4)(B), (b)(2), and 2256.

I further state that I am a Special Agent from the FBI and that this complaint is based on the following facts:

**See Attached Statement of Probable Cause Incorporated By Reference Herein.**

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

AUTHORIZED BY: *s/Gayle L. Helart*, AUSA   GAYLE HELART  *Digitally signed by GAYLE HELART Date: 2025.11.12 17:26:12 -07'00'*

Rachel Kessler, Special Agent, HSI   RACHEL L KESSLER  *Digitally signed by RACHEL L KESSLER Date: 2025.11.12 17:09:07 -07'00'*
Name of Complainant   Signature of Complainant

Telephonically Sworn to and subscribed

November 13, 2025   Yuma, Arizona
Date   City and State

HONORABLE JAMES F. METCALF
United States Magistrate Judge
Name & Title of Judicial Officer   Signature of Judicial Officer

## Attachment A

### Statutes

### Count 1:  Transporting Child Pornography

In summary, it is a violation under 18 U.S.C. § 2252(a)(1) to knowingly transport a visual depiction that involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct.  The visual depiction in this case had been transported or shipped using any means or facility of interstate or foreign commerce by any means including by computer.

A violation of 18 U.S.C. § 2252(a)(1), (b)(1), and 2256 is punishable by 5-20 years, up to $250,000 fine, and between 5 – lifetime supervised release.

### Count 2:  Possessing Child Pornography

In summary, it is a violation under 18 U.S.C. § 2252(a)(4)(B) to knowingly possess and access with intent to view a visual depiction that involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct.  The visual depiction in this case had been transported or shipped using any means or facility of interstate or foreign commerce by any means including by computer, and had been produced using materials that have been mailed and so shipped and transported by any means, including by computer.  The offense involved a minor who had not attained the age of 12 years.

A violation of 18 U.S.C. § 2252(a)(4)(B), (b)2), and 2256 is punishable by 0-20 years, up to $250,000 fine, and between 5 – lifetime supervised release.

## STATEMENT OF PROBABLE CAUSE

I, Rachel Kessler, Special Agent with Homeland Security Investigations, being duly sworn, depose and state as follows:

### I. INTRODUCTION AND AGENT BACKGROUND

1. A summary of the facts of this case, as more fully detailed herein, include that on August 10, 2025, Synchronoss Technologies, Inc., (hereafter Synchronoss), submitted a tip to the National Center for Missing and Exploited Children (NCMEC) to report suspected child pornography as it is defined by 18 U.S.C. § 2256 associated with account number 228-596-0473. Based on the phone number and uploaded IP address, this was assigned to the Yuma, Arizona office. On approximately August 20, 2025, I reviewed this tip and the file that was reported by Synchronoss and confirmed that it depicted child pornography. I believe that the likely user of the account was Clayton Joseph RINK (DOB: XX-XX-2007) based on subsequent account information obtained from a search warrant of the backed up data from the phone in the Synchronoss account.

2. Specifically, on September 22, 2025, I applied for and received a search warrant (25-1938mb) for the contents of the Synchronoss account associated with the phone number 228-596-0473. On September 23, 2025, I received the contents of the Synchronoss account. In reviewing the return, I observed several additional media files (i.e., videos) that met the federal definition of child pornography. Additionally, I observed numerous media files (i.e., videos and images) of who I believe to be RINK based off RINK's Arizona Identification Card picture.

1

3.  On November 7, 2025, I applied for and received search warrants for RINK's residence and person (25-2074mb and 25-2075mb), from the Honorable James F. Metcalf. The search warrants remain sealed.

4.  On November 12, 2025, I executed those warrants. RINK was contacted and interviewed. Law enforcement seized devices and storage media. RINK was interviewed and made admissions to the child pornography activities. RINK made statements related to harming himself. RINK was arrested during the search process and following his interview.

5.  I submit there is probable cause for RINK's arrest for violation of Transporting Child Pornography in violation of 18 U.S.C. §§ 2252(a)(1), (b)(1), and 2256, and Possessing and Accessing with Intent to View Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2), and 2256.

6.  I am a Special Agent with the U.S. Department Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (HSI). I have been so employed since March 2021 and am currently assigned to the Yuma, Arizona office. I have completed the three-month Criminal Investigator Training Program, followed by the three-month HSI basic training course at the Federal Law Enforcement Training Center in Brunswick, Georgia. During my post-academy training, I have become familiar with ways that child pornography is shared, distributed, and possessed, including the use of various social media websites and cloud storage. Before I was assigned to the Yuma, Arizona office, I worked in the Portland, Oregon HIS office where I was assigned to the child exploitation unit. I am familiar with the definition of child pornography under 18 U.S.C. § 2256, and I am also familiar that child pornography is referred to as child sexual abuse material (CSAM).

7. The purpose of this affidavit is to set forth sufficient facts to establish probable cause for the arrest of Clayton Joseph RINK, for a violation of 18 U.S.C. §§ 2252(a)(1), (b)(1), and 2256, which makes it a crime to knowingly transport a visual depiction of a minor engaged in sexually explicit conduct and for a violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2), and 2256, which makes it a crime to possess and access with intent to view child pornography.

## II. JURISDICTION

8. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711(3) and 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States … that has jurisdiction over the offenses being investigated." 18 U.S.C. §2711(3)(A)(1).

## III. NCMEC

9. The National Center for Missing & Exploited Children (NCMEC) was incorporated in 1984 by child advocates as a private, non-profit organization to serve as a national clearinghouse and resource center for families, victims, private organizations, law enforcement, and the public on missing and sexually exploited child issues. To further their mission to help find missing children, reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Programs. NCMEC makes information submitted to the CyberTipline and Child Victim Identification Programs available to law enforcement and uses this information to help identify trends and create child safety and prevention messages. As a national clearinghouse, NCMEC also works with electronic service providers (ESPs), law enforcement, and the public in a combined effort to reduce online child sexual exploitation. NCMEC does not act in the capacity of or under the direction or control of any government or any

law enforcement agency. NCMEC does not independently investigate and cannot verify the accuracy of the information submitted by reporting parties.

10. CyberTipline Reports are initially submitted to NCMEC. Anyone can submit a CyberTipline Report, although the majority of CyberTipline Reports I review are submitted by ESPs such as Google, Facebook, Instagram, Yahoo, Microsoft, Dropbox, Kik, Snapchat, and the like. CyberTipline Reports from ESPs typically contain information about the subscriber, such as the subscriber's username, email address, telephone numbers, and IP address history. CyberTipline Reports also contain the child exploitation material that caused the ESP to initiate the report. That child exploitation material is often image or video files of child pornography as defined by federal and state laws.

### IV. VERIZON WIRELESS AND SYNCHRONOSS

11. Verizon Wireless is a company that provides cellular telephone access to the general public. Verizon Wireless also provides cloud storage (i.e. storage for customers' electronic data on servers) under the product name "Verizon Cloud." Verizon Cloud enables Verizon subscribers to synchronize and save data from their internet connected devices to their Verizon Cloud account. This data may include stored electronic communications, including retrieved and un-retrieved mail and retrieved and un-retrieved text messages, as well as contact lists, photos, videos, music, documents, message logs and call logs. Data stored on a Verizon Cloud account may be located on servers owned, maintained, controlled, and operated by Synchronoss Technologies. A customer's account is associated with the telephone number assigned to the subscriber. In this case, the phone number and account number was 228-596-0473.

12. Through my training and experience, conversations with other law enforcement

officers, and research, I have learned that Synchronoss Technologies provides a variety of cloud-based online storage services to mobile carrier companies including Verizon. These companies are then able to provide their subscribers with online storage accounts and services under their own brand names, such as Verizon Cloud. These services allow subscribers to backup, synchronize, and store electronic data. Data stored by a subscriber can include contact lists, photos, videos, music, text messages, emails, call logs, and documents. A subscriber who has stored information in a Synchronoss online storage account can then access this data across multiple devices, including computers and smartphones. In some cases, a subscriber can also share their stored data with other subscribers by allowing those other subscribers access to selected portions of their storage accounts.

13. When a subscriber transfers data to an online storage account operated by Synchronoss, the transfer is initiated at the user's computer, smartphone, or other electronic devices. The data is then transferred via the Internet to servers owned and operated by Synchronoss. The data can then automatically be synchronized with and accessed by other electronic devices that have been registered with that storage account.

14. If a subscriber does not delete their stored data, the data can remain on Synchronoss' servers indefinitely. Even when a subscriber deletes their account, data from their account may continue to be available on Synchronoss' servers for a certain amount of time.

15. Synchronoss does not provide cloud storage directly to individual subscribers; instead subscribers obtain a Synchronoss online storage account through another company, such as a mobile service provider. Verizon Wireless is one such provider. The provider, in turn, contracts with Synchronoss Technologies. Because Synchronoss allows providers to brand their

services, a subscriber may not realize that their information is stored online by Synchronoss.

## V.     FACTS SUPPORTING PROBABLE CAUSE

16.     On approximately August 20, 2025, I reviewed NCMEC CyberTipline Report 217806790, which was referred to the Yuma, Arizona HSI office for further investigation. I noted that the Cybertip was submitted by Synchronoss, who like other providers, monitors their network for suspected child exploitative material and reports any findings to NCMEC. Cybertip 217806790 was associated with phone number 228-596-0473. The tip included information that on August 10, 2025, one file of apparent child pornography was uploaded to the account on Synchronoss, i.e. consistent with the user of the device wanting to save and maintain the file. Synchronoss employees viewed the file prior to the referral being made. I have now also viewed the file and it was named a52d2945fd1047b5a021fee6c458fb43_0fb0fae0c6a2276600 c8ce3f6f630ad530205453f4adccbf9c6c9153f6cea532. The file was 19 seconds long and showed a girl, who looked about 7-9 years old to me, nude from the waist down. She was laying on a bed between a nude adult man's legs. The man rubbed his erect penis and the girl's nude vagina was the focal point of the video. NCMEC confirmed that the girl in the video had been seen before and had been identified.

17.     I sent an administrative subpoena for the subscriber records for the phone number 228-596-0473 to Verizon. On September 16, 2025, Verizon returned that the subscriber on the account was a female with the last name Rink at a residence address in Yuma, Arizona.

18.     I looked for additional Cybertips associated with the same phone number, however, and identified an additional five other Cybertips associated with this number or with an email that was common in those tips. Two of those tips were:

19.     **Cybertip 193312341:**  On May 10, 2024, Instagram reported two users shared suspected child pornography files.  One user with username "Helvin Bailey" had the phone number 228-596-0473, email address claytonrink822@gmail.com, and DOB XX/XX/2007 (full DOB known to me).  The date of birth and date of activities would indicate that "Helvin Bailey" was 16 years old.  I did not view those files because officials at Meta, the parent company of Instagram, had not yet viewed them and I will seek a separate search warrant to view them.

20.     **Cybertip 181306845:**  I noted that this Cybertip, submitted by Instagram on December 4, 2023, reported that on September 23, 2023, apparent child pornography was received by Instagram user with the username "craz.yman549" reflecting a DOB of XX/XX/2007 (same as for Helvin Bailey above) and email address claytonrink822@gmail.com.  The date of birth and date of activities would indicate that "craz.yman549" was 16 years old.  I noted that in this Cybertip, Instagram reported the conversation between the two users (babyb_oy5005 and craz.yman549) included the following statements:

| | |
|---|---|
| babyb_oy: | Btw I got more cp  (My note: "CP" refers to child pornography) |
| craz.yman: | Can you please show me the cp? |
| babyb_oy: | Yeah  (image uploaded) |
| craz.yman: | Would love to fuck those boys senseless |
| craz.yman: | Why did you block me? |

21.     I submitted a subpoena to Google for subscriber records relating to the email address claytonrink822@gmail.com.  Google responded with the information that the account had been created on November 9, 2022 (by the DOB, the account holder was 15 years old on the date the account was created), and the person creating the account used the first name "Clayton."

Google also provided internet protocol (IP) connectivity logs for the user. I then identified that the email address claytonrink822@gmail.com logged into this account using (at least) the following two IP addresses:

2603:8001:c2f0:5e60:3c8f:2b85:cceb:60fb 5/5/2025 1:56:00 AM GMT/UTC[1]

2603:8001:c2f0:5e60:e35c:90d1:3fc1:542c 5/2/2025 7:44:00 PM GMT/UTC

I determined that Internet Service Provider for the above IP addresses was Charter Communications. I submitted a subpoena to Charter Communications, and they responded that the subscriber on the account was listed as a male with the last name Rink at RINK's residence in Yuma, Arizona. Utilizing law enforcement databases, I identified an Arizona Identification Card for Clayton Joseph RINK, DOB XX/XX/2007 (same DOB as the user gave to Synchronoss and Instagram), now 18 years old, at the same Yuma, AZ address.

22. During an open-source search of Facebook I identified who I believe were family members of RINK at RINK's residence in Yuma, Arizona.

*HSI Obtains Search Warrant for Synchronoss Account*

23. Based on the above information, on September 22, 2025, I applied for and received a search warrant (25-1938mb) for the contents of the Synchronoss account associated with the phone number 228-596-0473. On September 23, 2025, I received the contents of the Synchronoss account. I have reviewed all of the files in the account, with all numbers cited being approximate.

---

[1] UTC and GMT refer to Universal Coordinated Time and Greenwich Mean Time which, are the same to the lay person, and based on a standardized clock. For Arizona, any time given in UTC is really -7, or subtracting seven hours from the time given to get the accurate time, i.e. an event reported as occurring at 7:00 a.m. UTC would have occurred at midnight by subtracting 7 hours.

24. In the return that showed all of the contents of the account, I observed 44 image files and 28 video files of nude / partially nude persons or other significant files. The image files included: (a) 9 files that showed age difficult[2] lascivious exhibition of the genitalia content; (b) age-difficult partially clothed persons; and (c) 7 clothed pictures of children that looked like randomly taken photographs of minors walking in retail stores. The photos I saw included children under age 10 who were not looking at the person with the camera. I also saw selfie-type image files of RINK.

25. The 28 video files in the return included (a) 8 videos that fit within the definition of 18 U.S.C. § 2256; (b) 2 age difficult files that showed a lascivious exhibition of the genitalia; (c) 1 age difficult partially clothed person; and (d) 17 selfie- video files of RINK masturbating. Two examples of video files that fit within the 18 U.S.C. § 2256 definition included:

    a. MD5:[3] 2b1e6c3f6d366f01cca895f24f0eb0e3, a video that is 20 seconds in length. The video depicts an adult male have vaginal sex with a pre-pubescent female child. The child appears to be between 6-8 years of age.

    b. MD5: 61c06694feae91c18c14cdfff65b3d25, a video that is 13 seconds in length. The video depicts an adult male rubbing his erect penis against a pre-pubescent female child's vagina. The child appears to be between 3-5 years of age.

26. With respect to the selfie-type files of RINK in the account, in order to try to associate with the account's activities more particularly, I saw numerous media files (i.e., videos

---

[2] "Age-difficult" refers to post-pubescent, but appears to be teenagers to me.

[3] MD5 means an alpha-numeric value calculated for any digital file, whether text, picture, video, or music file, which is as unique as a fingerprint

9

and images) of who appear to me to match RINK based off RINK's Arizona Identification Card picture. (See Attachment A of the Person Warrant, with blue background, also shown here).





One example of selfie picture of RINK in the Synchronoss account that visually matched the Arizona Identification Card photo to me.



A second example of a selfie-type photo in Synchronoss account that visually matched the Arizona Identification Card photo to me.

27.     In addition, I also observed multiple pictures of children taken with a Samsung

Galaxy S23 phone, as reported by Synchronoss. For example:

    a.    Three pictures taken on July 30, 2025. The pictures depicts a boy and girl, both who look no older than 12 years to me, walking next to a parked vehicle. The photographs appears to have been taken from the inside of a vehicle.

    b.    A picture taken on July 17, 2025. The picture depicts a girl who looks like a teenager, and boy looks no older than 8 to me. They are walking inside of a Walmart.

    c.    Three pictures taken on July 13, 2025. The picture depicts a girl who looks no older than 8 inside a convenience store carrying a drink cup.

28. On October 29, 2025, myself and another HSI Agent conducted surveillance of RINK's residence located in Yuma, Arizona. During the surveillance, RINK was seen at the residence.

## VI. EXECUTION OF SEARCH WARRANTS

29. On November 12, 2025, the warrants for RINK's person and residence were executed. Another HSI agent and I contacted RINK and advised him of his *Miranda* rights. RINK indicated he understood and agreed to speak.

30. RINK stated he started looking at child pornography when he was 14 years old. He is currently 18 years old. RINK stated he finds child pornography on X (formerly Twitter), and Snapchat platforms. RINK admitted that he traded child pornography on Snapchat and admitted to masturbating to child pornography two or three times per day. RINK said he often self-produced videos and sent them to other users for videos in return on Snapchat. RINK stated he last looked at child pornography yesterday (November 11, 2025).

31. I showed RINK a copy of the Instagram conversation from CyberTipline Report

181306845, in which the user "craz.yman" asked for child pornography. RINK admitted that he was "craz.yman" and that his Instagram accounts kept getting banned for child pornography. RINK also confirmed that the email address claytonrink822@gmail.com, which was reported in several of the CyberTips.

32. I showed RINK printed pictures of the clothed children in retail stores or parking lots that I found in his Synchronoss account. RINK admitted to taking these pictures and said that he took them because it was taboo in nature and that being taboo sexually aroused him. RINK included that he had sought after and looked at adult pornography but that was not as stimulating to him any longer so he was now searching for child pornography.

33. RINK stated his phone would contain child pornography. I conducted a manual review of RINK's phone and observed approximately seven videos that met the federal definition of child pornography saved to his "gallery." Most of the videos of child pornography on his phone were videos I had previously observed in RINK's Synchronoss return. Two examples I saw were:

    a. A video saved on June 8, 2025. The video is 10 seconds in length and showed an adult man ejaculating onto a girl's face. The girl appeared to be between 4-6 years old.

    b. A video saved on September 12, 2025. The video is 9 seconds in length and showed a girl no older than 11 masturbating.

34. I observed that RINK's cellular phone was a Galaxy S23 and his phone number was 228-596-0473, the same phone number linked to the Synchronoss account and CyberTipline report for the August 10, 2025 conduct.

35. During my interview with RINK, he made concerning statements that included that

he knows being involved in child pornography activities was bad and he knows what happens to people who do this. He stated he had in the past felt suicidal and gave one example of going down to the train tracks to wait for the train. He realized that the train would not be there for an hour so he left. Toward the end of the interview, I asked if he had any thoughts about self-harm or harming someone else. RINK said he would not harm anyone else, but he would think about hurting himself. Before my interview with RINK, I spoke with RINK's mother and learned she had been fearful of him in the past and was currently. RINK's mother explained that he took mental health medication. I observed, during my interview with RINK, that he answered questions appropriately and responded in an articulate fashion. He appeared to understand all of my questions.

### VII. CONCLUSION

36.  Based on the foregoing, I have probable cause to believe that Clayton Joseph RINK committed violations of 18 U.S.C. § 2252(a)(1) (Transportation of Child Pornography) and § 2252(a)(4)(B) (Possession and access with intent to view child pornography), in support of his arrest.

Respectfully submitted,

**RACHEL L KESSLER**
Digitally signed by RACHEL L KESSLER
Date: 2025.11.12 17:08:27 -07'00'

Rachel Kessler
Special Agent
Homeland Security Investigations

Sworn and subscribed telephonically before me this **13th** day of November, 2025.

_____
HONORABLE JAMES F. METCALF
UNITED STATES MAGISTRATE JUDGE